IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CAESARS ENTERTAINMENT OPERATING COMPANY, INC.,<br><br>　　　　　Alleged Debtor. | Chapter 11<br><br>Case No. 15-10047 (KG)<br><br><br>**Hearing Date:  N/A**<br>**Objection Deadline:  N/A** |

**EMERGENCY MOTION OF PETITIONING CREDITORS
FOR AN ORDER SHORTENING NOTICE AND SCHEDULING AN
EXPEDITED HEARING ON MOTION TO STAY ANY PARALLEL PROCEEDINGS**

Appaloosa Investment Limited Partnership I, OCM Opportunities Fund VI, L.P. and Special Value Expansion Fund, LLC (collectively, the "Petitioning Creditors"), holders of 10% Second-Priority Senior Secured Notes due 2018 (the "Second Lien Notes") issued under indentures dated December 24, 2008 and April 15, 2009 by alleged debtor Caesars Entertainment Operating Company, Inc. ("CEOC" or the "Debtor"), hereby move for the entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to Rules 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) shortening the notice period with respect to the Motion of Petitioning Creditors, Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1014(b), for an Order Staying Any Parallel Proceedings (the "Principal Motion"), filed contemporaneously herewith, and (ii) scheduling a hearing on the Principal Motion for January 14, 2015.  In support of this emergency motion (this "Emergency Motion"), the Petitioning Creditors respectfully represent as follows:

### Jurisdiction and Venue

The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

The Petitioning Creditors filed the Principal Motion contemporaneously with the filing of this Emergency Motion. In the Principal Motion, the Petitioning Creditors seek the entry of an order, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1014(b), staying any later-filed, parallel chapter 11 cases that may be commenced by the Debtor or any of the Debtor's affiliates or subsidiaries pending this Court's determination, upon motion by the Petitioning Creditors (or any other party in interest) and pursuant to Bankruptcy Rule 1014(b), regarding the appropriate venue in which the Debtor's chapter 11 case shall proceed.

By this Emergency Motion, the Petitioning Creditors seek entry of the Proposed Order: (a) shortening notice with respect to the Principal Motion; (b) scheduling a hearing on the Principal Motion for January 14, 2015; and (c) granting such other and further relief to the Petitioning Creditors as the Court deems appropriate.

### Basis for Relief

Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). Likewise, Local Rule 9006-1(e) provides additional guidelines regarding requests for shortened notice and expedited consideration of a motion, as follows: "No motion will be scheduled on less notice than required by these Local Rules or the

[Bankruptcy Rules] except by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice.  The Court will rule on such motion promptly without need for a hearing."  Del. Bankr. L.R. 9006-1(e).[1]  Collectively, these rules provide the Court with the authority to enter the Proposed Order, scheduling a hearing on the Principal Motion on shortened notice and approving the manner of notice of such hearing.

During the weeks leading up to the commencement of the above-captioned chapter 11 cases, it was widely reported in the press that CEOC and certain of its affiliates were preparing to file voluntary chapter 11 petitions in order to implement a proposed restructuring prenegotiated with certain of its first lien bondholders.[2]  On December 19, 2014, CEOC and its corporate parent, Caesars Entertainment Corporation ("CEC"), announced that CEOC and CEC had entered into a restructuring support agreement (the "RSA") with certain holders of senior secured bond claims against CEOC, pursuant to which agreement CEOC would be required to commence a chapter 11 case "on or after January 15, 2015, but no later than January 20, 2015."[3]

Although the Petitioning Creditors have not received any communication from CEOC in the two days since their filing (despite reaching out), they nevertheless understand  that, notwithstanding the pendency in this Court of the involuntary bankruptcy case which was filed on January 12, 2015, CEOC intends to file a voluntary bankruptcy petition in accordance with the timeframes contemplated in the RSA, which permit a filing as early as this Thursday, January

---

[1]  In addition, pursuant to Bankruptcy Rule 9007, "[w]hen notice is to be given under the [Bankruptcy Rules], the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given."  Fed. R. Bankr. P. 9007.

[2]  *See*, *e.g.*, David Gelles, *Caesars Unit Takes a Step Toward Chapter 11*, DealBook/N.Y. Times, http://dealbook.nytimes.com/2014/12/19/caesars-unit-takes-a-step-toward-chapter-11/ (last accessed Jan. 10, 2015).

[3]  *See* Caesars Entertainment Corp., Form 8-K (Dec. 19, 2014), at 3.

15, 2015.  Notably, the RSA does not speak to the jurisdiction in which any voluntary cases must be commenced.  One particular rumored jurisdiction is the United States Bankruptcy Court for the Northern District of Illinois which, as set forth more fully in the Principal Motion, would not even be an appropriate venue but for a contrived affiliate filing.

Due to the pendency of the instant chapter 11 case, any such filing by CEOC in another bankruptcy court will necessitate a determination regarding venue (and the Petitioning Creditors intend to seek such a determination promptly upon the Debtor's commencement of a voluntary case).  Pursuant to Bankruptcy Rule 1014(b), this Court, as the court in which a case involving the Debtor was first filed, would have sole authority to determine the venue in which such case should proceed.  Bankruptcy Rule 1014(b) provides that this determination must be made "in the interest of justice or for the convenience of the parties."  Fed. R. Bankr. P. 1014(b). The Petitioning Creditors believe – and, if necessary, will argue – that it is "in the interest of justice or for the convenience of the parties" for the Debtor's chapter 11 case to remain in this Court.

As noted above, CEOC has agreed, under the terms of its RSA, to commence a bankruptcy case on or after January 15, 2015 but by no later than January 20, 2015.  Given the apparent intention of the Debtor to imminently commence parallel chapter 11 cases concerning itself and certain of its affiliates in likely another bankruptcy court, the Petitioning Creditors filed the Principal Motion seeking an order staying any such cases pending this Court's venue determination pursuant to Bankruptcy Rule 1014(b).  As set forth in the Principal Motion, this Court should exercise its discretion to stay any later-filed, parallel proceedings because allowing multiple chapter 11 cases involving the same debtor and the same debts to proceed simultaneously is both practically untenable and contrary to applicable law.  *See Freshman v.*

*Atkins*, 269 U.S. 121, 122 (1925) (holding that the pendency of an earlier-filed bankruptcy case precludes consideration of a later-filed case involving the same debtor and the same debts); *In re Parson*, No. 01-73786, 2007 WL 3306678, at *12 (Bankr. E.D. Va. Nov. 6, 2007) ("[T]he 'single estate rule' … holds that 'a debtor cannot maintain simultaneous bankruptcy cases because [a] debtor possesses only one estate for purposes of trusteeship.") (citations and quotation marks omitted); *Frank v. Mannucci (In re Mannucci)*, No. 1:12-BK-07138, 2013 WL 3294093, at *3 (Bankr. M.D. Pa. June 28, 2013) ("The problems that simultaneous cases raise include confusion among creditors as to the necessity and procedure for filing of claims, difficulties in determining in which estate assets belong, and the entitlement of the … trustee and other professionals to fees and commissions.") (quoting *In re Hodruski*, 156 B.R. 353, 356 (Bankr. D. Mass. 1993)).

While all parties in interest will have their day in this Court over the appropriate venue, what simply cannot happen is for any judge in an alternative jurisdiction to be faced with uncertainty about what type of relief can be entered for a true megacase with immense operations. To avoid the administrative and legal complications, the confusion and the unnecessary expense that would arise if multiple chapter 11 cases involving the Debtor were simultaneously prosecuted, it is essential that this Court expedite consideration of the Petitioning Creditors' motion to stay any parallel proceedings. Absent expedited consideration of the Principal Motion, a substantial risk exists that the bankruptcy court in which any later-filed, parallel cases may be commenced would issue rulings on matters of critical importance to the Debtor's reorganization and the administration of the Debtor's chapter 11 case (*e.g.*, rulings on any "first day" motions filed by the Debtor and its affiliates) before this Court – which possesses sole authority under Bankruptcy Rule 1014(b) to determine venue – has the opportunity to

determine whether the Debtor's chapter 11 case will continue to proceed in the District of Delaware. The Petitioning Creditors believe that CEOC intends to present numerous first day motions, contending that relief is urgently required, but then will argue to this Court that another bankruptcy court has already taken considerable action in their cases. This is a fabricated venue tactic that should not be countenanced by the Court.

As addressed in greater detail in the Principal Motion, where two bankruptcy cases involving the same debtor and the same debts are pending, the court in which the first petition was filed should stay the later-filed case, particularly where proceedings in the second case threaten to interfere with the administration of the first case. *See Mannucci*, 2013 WL 3294093, at *3 ("[E]ven courts that reject a *per se* bar to maintaining simultaneous cases permit the second case to go forward *only when it does not interfere with the administration of the first case*….") (emphasis added). Given that rulings on "first day" motions filed by the Debtor and its affiliates in another forum could have far-reaching effects upon the administration of the Debtor's chapter 11 case, it is essential that this Court stay any later-filed parallel chapter 11 cases before action by another court impairs this Court's ability to efficiently administer the Debtor's chapter 11 case and estate (should the Court choose to retain venue if parallel cases are commenced).

For these reasons, the Petitioning Creditors submit that cause exists to enter the Proposed Order, scheduling the hearing on the Principal Motion for January 14, 2015 at a time to be determined by the Court.

WHEREFORE, the Petitioning Creditors respectfully request that the Court enter the Proposed Order, granting the relief requested herein and such other and further relief to the Petitioning Creditors as the Court may deem proper.

Dated:     January 13, 2015
           Wilmington, Delaware

Respectfully submitted,

*/s/ Robert F. Poppiti, Jr.*
Robert S. Brady (No. 2847)
Edmon L. Morton (No. 3856)
Robert F. Poppiti, Jr. (No. 5052)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware  19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253

-and-

Bruce Bennett
James O. Johnston
Sidney P. Levinson
Joshua M. Mester
Monika S. Wiener
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:    (213) 489-3939
Facsimile:    (213) 243-2539

Attorneys for Appaloosa Investment Limited Partnership I, OCM Opportunities Fund VI, L.P. and Special Value Expansion Fund, LLC