**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CAESARS ENTERTAINMENT OPERATING COMPANY, INC., | Case No. 15-10047 (KG) |
| Alleged Debtor. | |

**VERIFIED STATEMENT OF JONES DAY AND YOUNG CONAWAY
STARGATT & TAYLOR, LLP PURSUANT TO BANKRUPTCY RULE 2019**

Jones Day and Young Conaway Stargatt & Taylor, LLP ("YCST"), in connection with their representation of (a) Appaloosa Investment Limited Partnership I, OCM Opportunities Fund VI, L.P. and Special Value Expansion Fund, LLC (each, a "Petitioning Creditor," and collectively, the "Petitioning Creditors"),[1] the petitioning creditors in the above-captioned chapter 11 case (the "Chapter 11 Case") of alleged debtor Caesars Entertainment Operating Company, Inc. (the "Debtor"), and (b) Wilmington Savings Fund Society, FSB ("WSFS" and together with the Petitioning Creditors, the "Clients"), in its capacity as successor indenture trustee ("Trustee") under an Indenture dated as of April 15, 2009 (as supplemented or amended, the "2009 Indenture"), pursuant to which the Debtor issued Second Lien Notes in an aggregate outstanding principal amount of $3.68 billion, hereby submit this verified statement (this "Verified Statement") in accordance with Rule 2019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and in support thereof state as follows:

---

[1] Each of the Petitioning Creditors is the holder of 10.00% second-priority senior secured notes due 2018 (the "Second Lien Notes") issued by the Debtor under one or both of (a) the 2009 Indenture, and (b) an indenture dated as of December 24, 2008 (as supplemented or amended, the "2008 Indenture," and together with the 2009 Indenture, the "Indentures"), under which the Debtor issued $847,621,000 in original principal amount of Second Lien Notes.

1.    The Petitioning Creditors retained Jones Day and Young Conaway to represent them as co-counsel in connection with the anticipated filing of an involuntary chapter 11 proceeding against the Debtor.

2.    In its capacity as Trustee under the 2009 Indenture, WSFS retained Jones Day and Young Conaway to represent it as co-counsel in connection with the assertion of rights and remedies available to the Trustee with respect to the Second Lien Notes issued pursuant to the 2009 Indenture, including in connection with any bankruptcy or insolvency proceeding of the Debtor or any of its affiliates.

3.    As of the date of this Verified Statement, in connection with the Chapter 11 Case, Jones Day and YCST represent (as that term is defined in Bankruptcy Rule 2019(a)(2)) only the Petitioning Creditors in their capacities as such and WSFS in its capacity as Trustee under the 2009 Indenture.  Other than as disclosed herein, Jones Day and YCST do not represent or purport to represent any other person or entities with respect to the Chapter 11 Case.  In addition, none of the Petitioning Creditors acts, represents or speaks, or purports to act, represent or speak, on behalf of any other persons or entities in connection with the Chapter 11 Case, and the Petitioning Creditors do not constitute a group or a committee.

4.    Upon information and belief formed after due inquiry, neither Jones Day nor YCST holds any disclosable economic interests (as that term is defined in Bankruptcy Rule 2019(a)(1)) in relation to the Debtor.

5.    The names and addresses of each of the Clients, together with the nature and amount of each disclosable economic interest held by each of them in relation to the Debtor, are set forth

in <u>Exhibit A</u> attached hereto.[2]  The information set forth in Exhibit A is based on information provided to Jones Day and YCST by the Clients.

6.    The undersigned verify that the foregoing is true and correct to the best of their knowledge.

7.    Nothing contained in this Verified Statement is intended or shall be construed to constitute:  (i) a waiver or release of the rights of the Clients to have any final order entered by, or other exercise of the judicial power of the United States performed by, an Article III court; (ii) a waiver or release of the rights of the Clients to have any and all final orders in any and all non-core matters entered only after de novo review by a United States District Judge; (iii) consent to the jurisdiction of the Court over any matter; (iv) an election of remedy; (v) a waiver or release of any rights the Clients, or any of them, may have to a jury trial; (vi) a waiver or release of the right to move to withdraw the reference with respect to any matter or proceeding that may be commenced in the Chapter 11 Case against or otherwise involving the Clients; or (vii) a waiver or release of any other rights, claims, actions, defenses, setoffs or recoupments to which the Clients are or may be entitled, in law or in equity, under any agreement or otherwise, with all such rights, claims, actions, defenses, setoffs or recoupments being expressly reserved.

8.    Jones Day and YCST reserve the right to amend or supplement this Verified Statement in accordance with the requirements of Bankruptcy Rule 2019 and any additional information that may become available.

---

[2]    Each of the Petitioning Creditors is managed by entities that manage other funds that hold Second Lien Notes and, in some instances, other economic interests in relation to the Debtor.

Dated: January 14, 2015
       Wilmington, Delaware

Respectfully submitted,


*/s/ Robert S. Brady*
Robert S. Brady  (No. 2847)
Edmon L. Morton  (No. 3856)
Robert F. Poppiti, Jr. (No. 5052)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware  19801
Telephone:   (302) 571-6600
Facsimile:   (302) 571-1253


-and-

*/s/ Bruce Bennett*
Bruce Bennett
James O. Johnston
Sidney P. Levinson
Joshua M. Mester
Monika S. Wiener
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:   (213) 489-3939
Facsimile:   (213) 243-2539


Attorneys for (a) Appaloosa Investment
Limited Partnership I, OCM Opportunities
Fund VI, L.P. and Special Value Expansion
Fund, LLC, in their capacities as Petitioning
Creditors, and (b) Wilmington Savings Fund
Society, FSB, in its capacity as indenture
trustee under the 2009 Indenture

**EXHIBIT A**

| Client Name and Address | Nature and Amount of Disclosable Economic Interests[1] |
|---|---|
| Appaloosa Investment Limited Partnership I<br>51 John F. Kennedy Pkwy.<br>Short Hills, NJ 07078 | 2008 Indenture<br><br>10% Notes due 2018 (CUSIP 413627BD1)<br><br>Principal – $22,169,000<br>Interest –$854,664<br><br>2009 Indenture<br><br>10% Notes due 2018 (CUSIP 413627BM1)<br><br>Principal – $208,102,000<br>Interest –  $9,982,050<br><br>2010 Indenture<br><br>12.75% Notes due 2018 (CUSIP 12768RAA5)<br><br>Principal - $7,791,000<br><br>Other<br><br>31.5 06/20/15 Recovery Lock (GS) (CZRREC01)[2]<br><br>$1,370,000 |
| OCM Opportunities Fund VI, L.P.<br>333 S. Grand Ave.<br>Los Angeles, CA 90071 | 2008 Indenture<br><br>10% Notes due 2018 (CUSIP 413627BD1)<br><br>Principal - $17,365,086<br>Interest – $874,100.00 |

---

[1]   Principal amounts listed are as of the date of this Verified Statement.  Interest claims reflect the amount of interest payments on the Second Lien Notes that became due on December 15, 2014, and remain owing as of the date of the Verified Statement, and do not reflect (i) interest, fees or other charges that may have accrued on the Second Lien Notes since, or as a result of, the Debtor's default on December 15, 2014; or (ii) accrued interest that was not due and payable as of December 15, 2014.

[2]   This is a derivative instrument whereby Appaloosa Investment Limited Partnership I sold "protection" to the counterparty.  The reference obligation is the Debtor's 5.75% unsecured bonds due 2017 (CUSIP 413627AWO).

| | |
|---|---|
| Special Value Expansion Fund, LLC<br>2951 28th Street, Suite 1000<br>Santa Monica, CA 90405 | 2009 Indenture<br><br>10% Notes due 2018 (CUSIP 413627BM1)<br><br>Principal – $9,210,000<br>Interest –  $460,500 |
| Wilmington Savings Fund Society, FSB<br>500 Delaware Avenue<br>Wilmington, Delaware 19801 | Successor indenture trustee with respect to $3.68 billion in outstanding principal amount of Second Lien Notes issued under the 2009 Indenture. |