# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, New York 10022

Paul M. Basta, P.C.
To Call Writer Directly:
(212) 446-4750
paul.basta@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

January 19, 2015

**Via ECF Filing and Messenger**

The Honorable Kevin Gross
United States Bankruptcy Court for the
District of Delaware
824 Market St., 3rd Floor
Wilmington, DE 19801

Re:  In re Caesars Entertainment Operating Company, Inc., Case No. 15-10047
(KG) (Bankr. D. Del.)

Dear Judge Gross:

Following the Court's direction at its telephonic hearing in the above-referenced proceeding on January 16, 2015 (the "Delaware Proceeding"), Caesars Entertainment Operating Company, Inc. (the "Alleged Debtor") has reviewed the question of standing with respect to non-petitioning creditors as part of the Court's own consideration of venue for the Delaware Proceeding and the 173 voluntary chapter 11 cases commenced by the Alleged Debtor and certain of its affiliates (collectively, the "Company") on January 15, 2015 in the United States Bankruptcy Court for the Northern District of Illinois (collectively, the "Illinois Proceeding").

To date, the only parties to the Delaware Proceeding are the Alleged Debtor and (1) Appaloosa Investment Limited Partnership I, (2) OCM Opportunities Fund VI, L.P., and (3) Special Value Expansion Fund, LLC (collectively the "Petitioning Creditors"). By its terms, the Bankruptcy Code requires that any other creditor must join in the Petitioning Creditors' involuntary petition to participate in proceedings related to that petition. See 11 U.S.C. § 303(c).

Similarly, the Bankruptcy Code and Bankruptcy Rules establish a number of provisions intended to protect an alleged debtor from an improper involuntary filing. Petitioning creditors may be liable for damages on account of an improper filing. See 11 U.S.C. § 303(i). Petitioning creditors may also be required to post a bond for such prospective damages. See 11 U.S.C. § 303(e). By participating in an involuntary proceeding without also joining the petition,

Beijing    Hong Kong    Houston    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

KE 34717721

# KIRKLAND & ELLIS LLP

Honorable Kevin Gross
January 19, 2015
Page 2

"non-petitioning creditors" could circumvent these protections to the detriment of the Company and its stakeholders.

However, and as the Court has recognized, the ongoing existence of parallel proceedings in different venues exposes the Company and its estates to uncertainty and inherent harm. As a result, a determination on the question of venue in the very near term is vitally important to the Company and its stakeholders.

The Company will therefore not object to non-petitioning creditors' standing on the question of venue that is before the Court on January 26 and January 27, 2015, or in its briefing with respect to the same—and regardless of whether those entities are creditors of the Alleged Debtor or its subsidiaries with voluntary cases pending in the Illinois Proceeding.[1]

To facilitate the Court's proceedings and the Company's ability to review and respond to briefing and discovery practice in an efficient manner, the Company respectfully requests that:

- non-petitioning creditors intending to participate in this proceeding be required to file their disclosures required by Rule 2019 of the Federal Rules of Bankruptcy Procedure on or before Thursday, January 22, 2015;

- parties opposing the Company's choice of venue (including the Petitioning Creditors) be required to coordinate and propound discovery only through counsel to the Petitioning Creditors to mitigate the Company's burden that would otherwise arise from multiple or duplicative discovery requests;

- parties opposing the Company's choice of venue (including the Petitioning Creditors) be required to submit one joint brief for all such parties; and

- time allocated by the Court at its hearing on this matter be divided equally among the Company and those parties supporting the Company's elected venue, on the one hand, and the parties opposing the Company's choice of venue (including the Petitioning Creditors), on the other hand.[2]

The Company will also endeavor to conduct the hearing in as efficient a manner as possible.

---

[1]   The Company reserves all rights with respect to the standing of non-petitioning creditors in any proceedings regarding the propriety of the Petitioning Creditors' involuntary petition.

[2]   The Company will coordinate with counsel to the Petitioning Creditors with respect to the issue of time allocation and the overall time needed for the hearing.

# KIRKLAND & ELLIS LLP

Honorable Kevin Gross
January 19, 2015
Page 3

  We thank the Court for its consideration of these matters, and we look forward to being again before the Court on January 26.

         Respectfully Submitted,

         */s/ Paul M. Basta, P.C.*

         Paul M. Basta, P.C.

cc:
Counsel to the Petitioning Creditors (*via email*)
2002 Service List in the Delaware Proceeding (*via email*)

KE 34717721